# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------X
RAQUEL ZAIAT, as Mother and Natural Guardian of
MINOR, D.Z.,

                                  Plaintiff,

                -against-

ELVE LABORDE, M.D., GOOD SAMARITAN
HOSPITAL, and BON SECOURS HEALTH SYSTEM,
INC.,

                                  Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z.,

complaining of the Defendants, ELVE LABORDE, M.D., GOOD SAMARITAN HOSPITAL, and

BON SECOURS HEALTH SYSTEM, by her attorneys, CAITLIN ROBIN & ASSOCIATES,

PLLC, respectfully alleges as follows:

PARTIES

1.      At all times hereinafter mentioned, plaintiff, RAQUEL ZAIAT, was and is a

resident of the State of New York.

2.      At all times hereinafter mentioned, plaintiff MINOR, D.Z. is the daughter of

plaintiff RAQUEL ZAIAT, born on May 26, 2021, and is a resident of the State of New York.

3.      That upon information and belief, at all times herein mentioned, defendant, ELVE

LABORDE, M.D., was and still is a duly licensed physician in the State of New York, engaged in

the practice of her profession in the County of Rockland, State of New York, with a principal place

of business located at 255 Lafayette Avenue in Suffern, NY 10901.

Case 7:24-cv-06872-NSR    Document 1-1    Filed 09/11/24    Page 3 of 10

4.      That upon information and belief, at all times herein mentioned, defendant, ELVE LABORDE, M.D., held herself out as qualified to render duly proper medical evaluation, assessment, diagnosis, care, treatment, services, testing, and/or consultation in accordance with good and accepted standards of practice in the community to the members of the general public, including plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z..

5.      That upon information and belief, at all times herein mentioned, defendant, ELVE LABORDE, M.D., acted within the scope as an agent, servant and/or employee of defendants, GOOD SAMARITAN HOSPITAL and BON SECOURS HEALTH SYSTEM, INC., to render medical evaluation, assessment, diagnosis, care, treatment, services, testing, and/or consultation to plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z..

6.      That upon information and belief, at all times herein mentioned, defendant, GOOD SAMARITAN HOSPITAL, was and still is a domestic healthcare facility duly organized and existing under and by the virtue of the law of the State of New York, with its principal place of business located at 255 Lafayette Avenue in Suffern, NY 10901.

7.      That upon information and belief, at all times herein mentioned, defendant, BON SECOURS HEALTH SYSTEM, INC., was and still is a domestic for-profit healthcare corporation duly organized and existing under and by virtue of the law of the State of New York, with a principal place of business located at 255 Lafayette Avenue in Suffern, NY 10901.

8.      That upon information and belief, at all times herein mentioned, defendants, GOOD SAMARITAN HOSPITAL and BON SECOURS HEALTH SYSTEM, INC., through their agents, servants, employees, and/or other medical personnel or other individuals acting under their agency, supervision, and control, including defendant ELVE LABORDE, M.D., held themselves out as duly qualified to render proper medical evaluation, assessment, diagnosis, care, treatment,

FILED: ROCKLAND COUNTY CLERK 09/22/2023 04:09 PM      INDEX NO. 034634/202.

NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 09/22/202.

services, testing, and/or consultation in accordance with good and accepted standards of practice in the community to the members of the general public, including plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z.

9.      That upon information and belief, Defendant BON SECOURS HEALTH SYSTEM, INC. owned, operated, maintained, supervised, managed, and controlled the medical facilities known as GOOD SAMARITAN HOSPITAL, where is employed such agents, servants and/or employees for the purpose of rendering diagnosis, care, treatment, services, and advice to members of the general public, including Plaintiff RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z.

10.     That upon information and belief, Defendants GOOD SAMARITAN HOSPITAL and BON SECOURS HEALTH SYSTEM, INC. hired, engaged, and/or otherwise took responsibility for the actions of healthcare professionals, staff, and personnel, including but not limited to defendant ELVE LABORDE, M.D., and had a duty to manage, control or otherwise supervise their work during the care, treatment, and services of persons such as Plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z.

11.     That upon information and belief, at all times herein mentioned, defendants, GOOD SAMARITAN HOSPITAL and BON SECOURS HEALTH SYSTEM, INC., are vicariously liable for the actions and/or omissions of defendant, ELVE LABORDE, M.D.

## AS AND FOR A FIRST CAUSE OF ACTION

12.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs 1 through 11 of the complaint set forth with the same force and effect as if fully set forth herein at length.

13.   That upon information and belief, at all times herein mentioned, defendants, ELVE LABORDE, M.D., GOOD SAMARITAN HOSPITAL, and BON SECOURS HEALTH SYSTEM, INC., individually and by and through their agents, servants, and/or employees agreed to, undertook to and did render certain medical evaluation, assessment, diagnosis, care, treatment, services, testing and/or consultation to plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z., between on or about May 25, 2021 through May 28, 2021.

14.   That upon information and belief, at all times herein mentioned, defendants, ELVE LABORDE, M.D., GOOD SAMARITAN HOSPITAL, and BON SECOURS HEALTH SYSTEM, INC., individually and through their principals, members, shareholders, and/or owners undertook, agreed to, and did render certain medical evaluation, assessment, diagnosis, care, treatment, testing and/or consultation to plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z., between on or about May 25, 2021 through May 28, 2021.

15.   That on from the period of time from May 25, 2021 through May 28, 2021 and at all times mentioned herein, plaintiff RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z., was under the continuous medical evaluation, assessment, diagnosis, care, treatment, services, testing and/or consultation by defendants, ELVE LABORDE, M.D., GOOD SAMARITAN HOSPITAL, and BON SECOURS HEALTH SYSTEM, INC., individually and through their agents, servants and/or employees.

16.   That on or about May 26, 2021, plaintiff, RAQUEL ZAIAT, underwent the natural childbirth of her daughter, MINOR D.Z., at defendant GOOD SAMARITAN HOSPITAL, which was performed, attended, and/or overseen by defendant ELVE LABORDE, M.D., among other agents, servants, and/or employees.

17.    That on May 26, 2021, defendants negligently performed the plaintiff's childbirth; in that the operative report has gaps and is lacking in detail; in that defendants failed to use bandage scissors and/or blunted-tip scissors to cut the nuchal cord wrapped around MINOR D.Z.'s neck, as is standard practice; in that during the process of the birth of MINOR, D.Z., defendants negligently cut the back of the infant's neck, causing a deep laceration on the base of her neck and right shoulder, and emergent need for immediate stitches; in that during the process of her birth, plaintiff MINOR D.Z. received a laceration which led to scarring that is believed to be permanent in nature.

18.    That from the period of time from May 25, 2021 through May 28, 2021, and at all times mentioned herein, defendants, ELVE LABORDE, M.D. and GOOD SAMARITAN HOSPITAL, individually and through their agents, servants and/or employees, improperly managed the care and treatment of plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z., including but not limited to not properly diagnosing, treating, and monitoring the plaintiff and her condition.

19.    That from the period of time from May 25, 2021 through May 28, 2021, and at all times mentioned herein, defendants, ELVE LABORDE, M.D. and GOOD SAMARITAN HOSPITAL had a duty to use reasonable care and to meet good and accepted standards of practice in their care, treatment and services of plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z., including timely medical evaluation, assessment, diagnosis, care, treatment, services, testing, consultation, and/or monitoring for post-operative care.

20.    During said time, the relationship of physician and patient existed between plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z., and defendants, ELVE LABORDE, M.D., GOOD SAMARITAN HOSPITAL, and BON SECOURS HEALTH

SYSTEM, INC., individually and through their agents, servants, employees, medical or other personnel, and such relationship was one of trust and confidence on the part of the plaintiff to defendants.

21.    That from the period of time from May 25, 2021 through May 28, 2021, and at all times mentioned herein, defendants, ELVE LABORDE, M.D., GOOD SAMARITAN HOSPITAL, and BON SECOURS HEALTH SYSTEM, INC., through their agents, servants, employees, physicians, nurses, and/or their health care providers were negligent, careless and/or unskilled in the following manner: in negligently administering medical care to the plaintiff; in failing and neglecting to properly evaluate conditions manifested by the plaintiff; in misdiagnosing the plaintiff's post-operative condition; in failing to monitor the patient; in failing to perform proper physical examinations; in failing to administer and/or utilize the proper instruments for the treatment of plaintiff's condition; in failing to take heed of plaintiff's complaints and physical signs of distress; in failing to use due and reasonable and proper skill in the care and treatment of plaintiff; in failing to properly follow the plaintiff's medical condition; in failing to render and provide proper and adequate medical and diagnostic care and treatment in accordance with the standards of accepted medical and diagnostic practices and procedures; in causing, permitting, and allowing the injuries and conditions alleged herein; in failing to take standard and accepted care and precautions to avoid and prevent the occurrence and conditions complained of herein; in failing to obtain a fully informed consent with respect to the treatment rendered; in failing to consider the risks, hazards, and dangers of the treatment rendered; in failing to impart same to plaintiff; in failing to inform the plaintiff as to the true nature of her condition before and after the treatment rendered; in failing to take proper prudent and reasonable steps to prevent injury to plaintiff; in causing injury to the plaintiff; in failing to aggressively monitor and manage the plaintiff during

and subsequent to the treatment rendered herein; in failing and neglecting to take any steps to rectify and/or mitigate the said conditions; in failing to properly and adequately evaluate, diagnose and examine and failing to properly follow and observe plaintiff prior and subsequent to the treatment rendered herein; in failing to take heed of, notice, and observe all the heralding signs, symptoms and complaints, including, but not limited to the conditions alleged herein; in failing to call additional consultants; in failing and neglecting to exercise the degree of care, caution, prudence, skill, ability, professional knowledge, and training generally possessed by physicians, surgeons, and hospitals.

22.    That solely by reason of the negligence, carelessness, recklessness, misfeasance, malfeasance, and malpractice of the defendants, as aforesaid, plaintiff, RAQUEL ZAIAT, as Mother and Natural Guardian of MINOR, D.Z., has been caused to endure unnecessary pain and suffering, mental suffering, conscious pain and suffering, physical injury, scarring, and deformity.

23.    That the aforesaid was occasioned wholly and solely by the carelessness, recklessness, negligence, unskillfulness, and unprofessionalism of the defendants herein and without any negligence on the part of the plaintiff contributing thereto.

24.    The limitations on liability set forth in CPLR § 1601 do not apply, by reason of the doctrine of *respondeat superior* (CPLR § 1602 (2)(iv).

25.    As a result of the foregoing, the amount of damages sustained by plaintiff herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS AND FOR A SECOND CAUSE OF ACTION

26.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs 1 through 25 of the complaint set forth with the same force and effect as if fully set forth herein at length.

27.     Defendants failed to disclose to Plaintiff all the necessary information that would have enabled her to consider and weigh the risks and benefits of the procedures and proposed treatments, and to choose knowledgeably from the options or alternatives available to her.

28.     That a reasonably prudent person in the Plaintiff's position would not have agreed to the use of such modalities had she had been fully informed.

29.     Defendants, individually and through their agents, servants, employees, physicians, nurses, interns, and/or other health care providers, were otherwise grossly negligent, careless, and reckless under the circumstances then and there existing.

30. That the aforesaid was occasioned wholly and solely by the carelessness, recklessness, negligence, unskillfulness, and unprofessionalism of the Defendants herein, and without any negligence on the part of the plaintiff contributing thereto.

31. The limitation on liability set forth in CPLR § 1601 do not apply, by reason of the doctrine of *respondeat superior* (CPLR § 1602(2)(iv).

32.     As a result of the foregoing, the amount of damages sustained by plaintiff herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.


**WHEREFORE**, Plaintiff demands judgment against the Defendants, ELVE LABORDE, M.D., GOOD SAMARITAN HOSPITAL, and BON SECOURS HEALTH SYSTEM, INC., herein on the FIRST Cause of Action in a sum which exceeds the jurisdictional limits of all lower courts,

FILED: ROCKLAND COUNTY CLERK 09/22/2023 04:09 PM    INDEX NO. 034634/202.
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 09/22/202.

on the SECOND Cause of Action in a sum which exceeds the jurisdictional limits of all lower

Courts, along with disbursements of this action, and for such other, further and different relief as

this Court deems just and proper.

Dated: New York, New York
        September 22, 2023

Yours, Etc.

*Caitlin Robin*

Caitlin Robin, Esq.
CAITLIN ROBIN & ASSOCIATES, PLLC
Attorneys for Plaintiff
30 Broad Street, Suite 702
New York, NY 10004
Phone: (646) 524-6026
caitlin@robinandassociates.com