USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __06/04/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAQUEL ZAIAT
*as Mother and Natural Guardian of MINOR, D.Z,*

                          Plaintiff,

   -against-

ELVE LABORDE, M.D, et al.,

                         Defendants.

No. 7:24-cv-06872-NSR

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Raquel Zaiat ("Plaintiff") commenced this action on September 22, 2023, in the Supreme Court of the State of New York, Rockland County ("Rockland County Supreme Court") against Elve Laborde, M.D. ("Defendant Laborde" or "Dr. Laborde"), Good Samaritan Hospital ("Good Samaritan"), and Bon Secours Health System, Inc. ("Bon Secours") (collectively, "Defendants"). Plaintiff did not receive an Answer or response from Dr. Laborde and filed a motion for default judgment on April 3, 2024, which was granted, without opposition, on June 25, 2024. The Rockland County Supreme Court stated that damages would be assessed at the time of trial against co-defendants Good Samaritan and Bon Secours Health System, Inc. Several months after the granting of default judgment against Dr. Laborde, the United States removed the action to federal court on September 11, 2024 under the Public Health Service Act ("PHSA"), 42 U.S.C. § 233 (as amended by the Federally Supported Health Centers Assistance Act of 1992 and 1995 ("FSHCAA")), and the Federal Torts Claims Act (the "FTCA"), 28 U.S.C. § 2679(d)(2).

    Presently before the Court is Plaintiff's motion to remand (the "Motion") the instant action to Rockland County Supreme Court. (ECF No. 18.) For the following reasons, the Court DENIES the Motion.

**BACKGROUND**

I. **Factual Background**

Plaintiff filed the underlying action in state court on September 22, 2023, against the Defendants. ("Compl.," ECF No. 1.) Plaintiff, Raquel Zaiat, is a resident of New York and mother to Minor D.Z., who was born on May 26, 2021. (*Id*. ¶ 2.) Plaintiff was under the continuous care and treatment of Defendants from May 25, 2021 through May 28, 2021. (*Id*. ¶¶ 13–15.)

On May 26, 2021, Plaintiff underwent the natural childbirth of her daughter, Minor D.Z., at Good Samaritan under the care and supervision of Dr. Laborde. (*Id*. ¶ 16.) During the birth, Plaintiff alleges that Dr. Laborde was negligent by failing to use appropriate scissors to remove the nuchal cord wrapped around Minor D.Z.'s neck causing a deep laceration at the base of her neck and right shoulder necessitating an emergent procedure to repair the laceration. (*Id*. ¶ 17.) Minor D.Z.'s laceration and scarring are believed to be permanent in nature. (*Id*. ¶ 17.)

Plaintiff alleged that Defendants, including Dr. Laborde, failed to properly monitor, evaluate and care for Plaintiff from May 25, 2021 to May 28, 2021, resulting in the described injuries to Minor D.Z., as well as unnecessary mental suffering and severe emotional distress, among other injuries, to Plaintiff. (*Id*. ¶ 21.) Plaintiff further alleges that, Defendants, including Dr. Laborde, failed to properly disclose all necessary information to Plaintiff regarding the risks and benefits of the proposed procedures and treatments for her, rending her unable to choose knowledgeably from the options presented to her. (*Id*. ¶ 27.)

II. **Procedural History**

Plaintiff initiated this action via complaint on September 22, 2023, in the Rockland County Supreme Court under the Index Number 034634/2023. (ECF No. 1-1.) Service was effectuated on Bon Secours and Good Samaritan on October 4, 2023 and October 6, 2023, respectively. (ECF

No. 18-1, Ex. B.) Defendants Good Samaritan and Bon Secours interposed an Answer on October 25, 2023. (*Id.*, Ex. C.) Defendant Dr. Laborde was served on November 21, 2023. (*Id.*, Ex. D.) Having received no response or appearance by Dr. Laborde, Plaintiff filed a motion for default judgment on April 3, 2024. (*Id.*, Ex. E.) A copy of the motion was mailed to Dr. Laborde's last known address (identified via DMV search) via certified mail. (*Id.*, Ex. E.)

On June 25, 2024, the Rockland County Supreme Court granted Plaintiff's motion for default judgment and stated that "damages shall be assessed at the time of trial against co-defendants Good Samaritan and Bon Secours Health System, Inc." (*Id.*, Ex. F.) On June 28, 2024, Plaintiff served a Notice of Entry for the Court's June 25, 2024 Order, and a copy was served via USPS mail on Dr. Laborde's last known address. (*Id.*, Ex. G.)

Nearly three months after the granting of default judgment against Dr. Laborde, the United States, counsel for Dr. Laborde, appeared in the state court action by filing a Notice of Removal on September 11, 2024. (*Id.*, Ex. H.) On September 17, 2024, counsel for Dr. Laborde submitted a letter to this Court requesting an extension of the time to respond to Plaintiff's complaint in anticipation of making a motion to dismiss. (*Id.*, Ex. I.) On September 20, 2024, the Court granted this request and extended Dr. Laborde's time to respond to Plaintiff's complaint to November 1, 2024. (*Id.*, Ex. J.)

On October 4, 2024, Plaintiff filed a letter to this Court requesting a pre-motion conference in anticipation of filing a motion to remand the case back to state court on the grounds that Defendant's removal was untimely under 28 U.S.C. § 1446 and 42 U.S.C. § 233. (*Id.*, Ex. K.) On October 10, 2024, Defendant responded to Plaintiff's letter asserting that removal was not untimely or improper under 42 U.S.C. § 233 and 28 U.S.C. § 2679(d)(2). (*Id.*, Ex. L.) On October 17, 2024, the Court waived the pre-motion conference and set forth a briefing schedule for Plaintiff's instant

motion. (*Id.*, Ex. M.) On December 20, 2024, Defendant served on Plaintiff opposition papers to the instant motion, along with a "Notice of Cross-Motion to Substitute Defendant, Set Aside Default Judgment, and Dismiss the Complaint." (*Id.*, Ex. N.) In an Order dated December 17, 2024, this Court denied Defendant's cross-motion to dismiss "without prejudice to renew upon resolution of the pending motion to remand and for failure to comply with Court's individual practice rules," which require parties to seek leave before filing motions. (ECF No. 17.)

The parties have filed various documents in connection with Plaintiff's Motion to Remand: Plaintiff's Motion and corresponding exhibits ("Mot," ECF No. 18), Memorandum of Law in Support ("Pl. Mem," ECF No. 19), Defendant's Memorandum of Law in Opposition ("Deft. Mem.," ECF No. 20), and a declaration by Meridith Torres from the General Law Division, Office of the General Counsel, Department of Health and Human Services with corresponding exhibits ("Torres Decl.," ECF No. 21).

## LEGAL STANDARDS

### *Removal under 28 U.S.C. § 1446*

28 U.S.C.A. § 1446(a) provides in relevant part, that when a defendant seeks to remove an action from state court, the defendant shall file a notice of removal in the district court of the United States for the district and division where the action is pending. The notice shall contain a short and plain statement of the grounds for removal along with a copy of all process, pleadings, and orders served upon the defendant or defendants in the action.

The notice of removal shall be filed within 30 days after (1) the defendant receives a copy of the initial pleading setting forth the claim for relief, or (2) within 30 days after the defendant has been served the summons if the initial pleading has been filed in court and it is not required to be served on the defendant (whichever period is shorter). *See* 28 U.S.C.A. § 1446(b). A case,

however, may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith to prevent a defendant from removing the action. *See* 28 U.S.C.A. § 1446(c); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 36 (2d Cir. 2010).

A case is removable to federal court when the initial pleadings enable the defendant to reasonably determine whether removal is permissible. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001). There is no requirement that a defendant look beyond the face of the initial pleading for facts giving rise to removability. *Id.* at 206. Similarly, there is no obligation imposed on a defendant to conduct an independent investigation into a plaintiff's allegations to determine that removal is proper and to comply with the 30-day period of 28 U.S.C. § 1446. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014) (internal citations omitted).

**Public Health Service (PHS) Act (42 U.S.C. § 233), as amended by the Federally Supported Health Centers Assistance Act of 1992 and 1995 (FSHCAA)**

The FSHCAA "makes the Federal Torts Claims Act the exclusive remedy for specified actions against members of the Public Health Service." *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000). The Act provides, in part:

> The remedy against the United States provided by [the FTCA] ... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim. 42 U.S.C. § 233(a).

"In instances where a tort action is brought against a federally funded public health center (construed as an employee of the United States under ... the [FSHCAA]) for conduct within the

5

scope of its federal employment, the Attorney General ... may certify that the health center was indeed acting as a federal employee at the time of the incident." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 81 (2d Cir. 2005). Upon certification, the action "shall be removed ... at any time before trial by the Attorney General" to a federal district court. 42 U.S.C. § 233(c). "Once such a case is removed, the United States can replace the named defendant as the allegedly liable party—and the case proceeds as an FTCA suit." *Celestine*, 403 F.3d at 80 (citing 42 U.S.C. § 233(b)).

## DISCUSSION

Plaintiff seeks to remand the instant case to state court contending that (1) Dr. Laborde was not acting within the scope of her federal employment with respect to the alleged medical malpractice and therefore not covered under 42 U.S.C. § 233 and (2) the removal of the matter was untimely because default judgment had been entered against Dr. Laborde and liability determined. (Mot. at 5–10.) For the reasons that follow, the Court finds these arguments unavailing.

### I.     Scope-of-Employment Analysis

The Government, on behalf of defendant Dr. Laborde, sufficiently supported that Dr. Laborde was acting within the scope of her federal employment under the PHSA and New York State law when providing medical care to Plaintiff during the period relevant to the alleged medical care at issue, *i.e.*, calendar year 2021.

"Under the PHSA, the Secretary of Health and Human Services may deem health centers that receive federal assistance and their employees to be employees of the PHS." *Infante ex rel. Wilborne v. The Bronx Lebanon Hops. Center,* No. 07-cv-846(DLC), 2007 WL 1334966 at *1 (S.D.N.Y. May 7, 2007); 42 U.S.C.§ 233(g)(1)(A). The PHSA "establishes that the remedies

6

provided by the FTCA are the exclusive remedies for medical malpractice actions seeking damages for personal injury by any commissioned officer or employee of the [PHS] while acting within the scope of his office or employment." *Ramos ex el. Diaz v. Bronx Lebanon Hosp. Center*, No. 12-cv-6178 (JSR), 2013 WL 93510 at *2 (S.D.N.Y. Jan. 4, 2013) (internal quotations omitted). The FTCA provides that any state court action against a federal employee shall be removed to federal court "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id.* § 2679(d)(2). An "employee of a covered entity is eligible for FTCA coverage when she provides services on behalf of the covered entity." *Ramos*, 2013 WL 93510 at *2; 42 U.S.C.§ 233(g)(1)(A).

Here, the Secretary of Department of Health and Human Services deemed Dr. Laborde to be a PHS employee for purposes of the PHSA for calendar year 2021. (Torres Decl. ¶¶ 3–4.) The United States Attorney then certified that Dr. Laborde was acting within the scope of her employment as a designated employee of the PHS with respect to the alleged events at issue. (ECF No. 1-2.) Moreover, Dr. Laborde provided the affiliation agreement between Ezras Choilim and Good Samaritan Hospital concerning referrals and transfers of its patients to Good Samaritan Hospital in order to ensure "quality and continuity of care." (Torres Decl., Ex. 9.) Moreover, the Attorney General's certification "constitutes prima facie evidence that the employee was acting within the scope of [her] employment," *Carroll v. Trump*, 49 F.4th 759, 765 (2d Cir. 2022) (quotation marks omitted). Accordingly, the Government, on behalf of Dr. Laborde, sufficiently supported that Dr. Laborde was acting within the scope of her federal employment when providing medical care to Plaintiff.

Further, employment for purposes of § 233 is determined by the "law of the place"—here, the State of New York. *Agyin v. Razmzan*, 986 F.3d 168, 184 (2d Cir. 2021). Under New York

7

law, "an employee acts within the scope of his employment when (1) the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities, and (2) the employee is doing something in furtherance of the duties he owes to his employer." *Id.* at 184 (internal quotation marks omitted). Dr. Laborde has been a full-time employee of Ezras Choilim since August 10, 2020, including during the delivery of the Infant on May 26, 2021. (Torres Decl., Ex. 7.) Dr. Laborde was not engaged in outside employment in connection with the care provided to Plaintiff. (Torres Decl., Ex. 8.) Dr. Laborde was not employed by any medical facility other than Ezras Choilim. (*Id.*) Dr. Laborde did not have any agreement with Good Samaritan Hospital to be compensated for providing medical services. (*Id.*) Plaintiff was a patient of Ezras Choilim and had received medical care from Ezras Choilim throughout her pregnancy. (Torres Decl. ¶ 8.) When Plaintiff was admitted to Good Samaritan Hospital on May 26, 2021, Dr. Laborde was providing on-call coverage at the hospital for Ezras Choilim patients pursuant to a schedule prepared and mandated by her employer Ezras Choilim. (Torres Decl., Exs. 5, 7.) It was appropriate for Dr. Laborde to follow Plaintiff to Good Samaritan Hospital to provide labor and delivery services for her there and it is within Ezras Choilim's federal scope of employment for its providers to see and admit patients at local hospitals as Ezras Choilim's federal grant authorizes providers to "follow health center patients if admitted to a hospital or adult homes." (Torres Decl., Ex. 7.) In fact, obstetrical care is specifically authorized under the Ezras Choilim federal grant. (*Id.*) For the care at issue, Ezras Choilim billed Plaintiff for the medical care Dr. Laborde provided her on May 26, 2021. (Torres Decl., Ex. 4.)

Accordingly, under New York law, Dr. Laborde acted within the scope of her employment for these services because she acted in furtherance of her employment contract with Ezras Choilim and to benefit Ezras Choilim. *See Delgado v. Our Lady of Mercy Med. Ctr.*, 06 CV 5261, 2007

WL 2994446, at *3 (S.D.N.Y. Oct. 12, 2007) (holding that doctor was federal employee, notwithstanding that he had admitting privileges at local hospital, because he received no pay from that hospital and employment agreement was with federal health clinic). Hence, removal on this basis is appropriate.

## II.     Timeliness of Removal Under 42 U.S.C. § 233(c)

Plaintiff also asserts that the removal of the matter was untimely because default judgment had been entered against Dr. Laborde and liability determined. A civil action against a federal government employee commenced in a state court may be removed at any time ***before trial*** by the Attorney General to federal court upon the Attorney General's certification that the federal employee was acting within the scope of his or her office or employment at the time of the incident out of which the claim arose. 28 U.S.C.A. § 2679(d)(2) (emphasis added). In other words, the removal of a state tort action to federal court by the Attorney General remains a viable option until the start of the state trial by the Attorney General certifying the status of the named defendant as a federal employee, and the removal of the action is timely as long as it occurs some time prior to trial. *Celestine*, 403 F.3d at 81 (citing *McLaurin v. U.S.*, 392 F.3d 774 (5th Cir. 2004)). Removal is timely achieved before trial even after the plaintiff obtains a default judgment in state court against a government employee, if defendant may still make a request for a trial on the issue of damages, as is the case here. *Kizer v. Sherwood*, 311 F. Supp. 809 (M.D. Pa. 1970). Here, trial had not occurred for the remaining defendants, Good Samaritan Hospital and Bon Secours Health System, Inc. and the June 25 Order stated that "damages [in connection with Defendant Laborde] shall be assessed at the time of trial against co-defendants Good Samaritan Hospital and Bon Secours Health System, Inc." (ECF No. 18-1, Ex. G.) When the United States removed the case

on September 11, 2024, neither a trial nor an assessment of damages had occurred. Accordingly, the Court concludes that the Defendant's removal to federal court was timely.

## CONCLUSION

Based on the foregoing, Plaintiff's motion seeking to remand the action back to state court is DENIED. Defendant Dr. Laborde is directed to answer or otherwise respond to the complaint within 14 days (on or before June 18, 2025), as previously ordered by this Court at ECF No. 23. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 18.

SO ORDERED.

Dated: June 4, 2025
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge